Anthony TODD; Lorelei Todd, Plaintiffs—Appellants,

v.

William L. SHANKEL; Wilcox Memorial Hospital; Kauai Medical Clinic, Defendants—Appellees.

Anthony Todd; Lorelei Todd, Plaintiffs—Appellants,

v.

William L. Shankel; Wilcox Memorial Hospital; Kauai Medical Clinic; John Does 1–10, Doe Corporations 11–21; Doe Partnership 22–32; Doe Entities 33–43, Defendants—Appellees.

No. 02–16359, 02–16419.
D.C. No. CV–01–00207–SOM/KSC, CV–01–00207–SOM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Dec. 17, 2003.

Stephen M. Shaw, Esq., Honolulu, HI, for Plaintiffs–Appellants.

Vincent A. Rhodes, Esq., Robbins & Rhodes, Honolulu, HI, for Defendants–Appellees.

Before BROWNING, REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM *

Plaintiffs Anthony Todd and Lorelei Todd appeal the grant of summary judgment in their medical malpractice action against Dr. William Shankel, Wilcox Memorial Hospital, Kauai Medical Clinic, and various unnamed parties. We have jurisdiction under 28 U.S.C. § 1291 and affirm. The parties are familiar with the facts and procedural history, so we do not recount them here.

I.

We review *de novo* the district court's grant of summary judgment. *United*

States v. City of Tacoma, 332 F.3d 574, 578 (9th Cir.2003). We affirm only if we find that there are no genuine issues of material fact, viewing the evidence in the light most favorable to the nonmoving party, and that the district court correctly applied the relevant substantive law. *Id.* "[W]e review the record as a whole and draw all reasonable inferences" in favor of the nonmoving party. *Hernandez v. Spacelabs Med., Inc.,* 343 F.3d 1107, 1112 (9th Cir.2003). Summary judgment is granted

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ... since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(c).

II.

The Todds allege that two aspects of Anthony Todd's care by Dr. Shankel constituted negligence: his failure to place a duodenostomy tube during the October 2, 1997, operation, and his failure to remove the feeding tube installed at that time.

A.

On the duodenostomy tube claim, the Todds failed to present sufficient expert testimony to establish that Dr. Shankel breached the relevant standard of care or that his breach caused injury to Anthony Todd. Both are essential elements of a negligence claim. Under Hawaii law, in a medical malpractice action the plaintiff must prove both breach and causation through expert testimony. *Craft v. Pee-*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*bles,* 78 Hawai'i 287, 298, 893 P.2d 138 (1995) (breach); *Domingo v. T.K., M.D.,* 289 F.3d 600, 607 (9th Cir.2002) (causation).

■ The Todds presented expert testimony only by Dr. Whitney Limm. Dr. Limm never testified that Dr. Shankel violated the applicable standard of medical practice by not placing the duodenostomy tube, nor did he criticize that decision. He never stated what the standard would require, and said that whether to install the tube was "a judgment call." Although Dr. Limm testified that various risk factors, such as Anthony Todd's history of heroin abuse, would weigh in favor of installing a duodenostomy tube, he never indicated that not doing so when risk factors were present would breach the applicable standard of care.

Even if the Todds had presented sufficient expert testimony on breach, their claim would fail because they presented none on causation. Dr. Limm offered no testimony indicating that Dr. Shankel's failure to place the tube could have, let alone did, cause injury to Anthony Todd.

### B.

The Todds presented no expert testimony that Dr. Shankel's failure to remove the feeding tube breached the applicable standard of care. They rely on Hawaii's "common knowledge" exception to the expert testimony requirement, which is "similar to the doctrine of *res ipsa loquitur.*" *Craft,* 78 Hawai'i at 298, 893 P.2d 138.

The reason Hawaii generally requires expert testimony to establish the applicable standard of medical care is because "a jury generally lacks the requisite special knowledge, technical training, and background to be able to determine the applicable standard without the assistance of an expert." *Id.* (internal quotation marks omitted). Nevertheless, "certain medical situations present routine or non-complex

matters wherein a lay person is capable of supplanting the applicable standard of care from his or her 'common knowledge' or ordinary experience." *Id.* "This exception, however, is rare in application." *Id.*

■ Todd likens the feeding tube to "sponges, forceps, clamps" without explaining the similarity. There is an obvious difference: sponges, forceps, and clamps are never intended to be left in patients after surgeries, while a feeding tube often is. While failing to remove it under some circumstances might breach the applicable standard of care, this is not obvious to a lay juror drawing only on his or her "ordinary experience." *Id.* Expert testimony is required to prove that failure to remove the feeding tube amounts to negligence.

The district court's grant of summary judgment is AFFIRMED.